UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, | ) ) ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 3:22-cv-2186 ) |
| TRAVIS J. LEWTON and MARK RIGG, as Executor of the ESTATE OF NANCY J. LEWTON, | ) ) ) ) ) |
|     Defendants. | ) |

**GENWORTH LIFE AND ANNUITY INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER**

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth"), by its attorney, Julie F. Wall of Chittenden, Murday & Novotny, LLC, states as follows for its Complaint for Interpleader:

**Parties**

1. Genworth is an insurance company duly organized and existing under the laws of Virginia, with its principal place of business located in Virginia, and it is a citizen of the Commonwealth of Virginia pursuant to 28 U.S.C. § 1332(c)(1).

2. Travis J. Lewton ("Travis") is an individual and currently a resident of the Lucas County Corrections Center in Toledo, Ohio ("Lucas County Corrections"). Prior to his incarceration, Travis was a resident of Toledo, Ohio. Travis is a citizen of the state of Ohio.

3. Mark Rigg ("Rigg"), Executor of the Estate of Nancy J. Lewton, is an individual and a resident and citizen of Oregon, Ohio.

4. The Estate of Nancy J. Lewton was opened in the Probate Court of Lucas County, Ohio, in the case designated Case No. 2022-EST-002255, on or about October 5, 2022. Before her death, Nancy Lewton ("Lewton") was an individual and resident of Toledo, Ohio.

### Jurisdiction and Venue

5. This is an action in interpleader brought pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) concerning the rights and obligations of the parties pursuant to a life insurance policy, designated Policy No. 2744123, issued by Genworth's predecessor, First Colony Life Insurance Company, to Nancy M. Lewton, on the life of Nancy M. Lewton, with a $100,000.00 Amount of Insurance. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff and Defendants are of diverse citizenship and the amount at issue is in excess of $75,000.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that this is a civil action and one or more of the claimants resides in this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### Factual Background

7. On March 16, 1997, Genworth's predecessor, First Colony Life Insurance Company, issued Policy No. 2744123 to Nancy M. Lewton, on the life of Nancy M. Lewton, with a $100,000.00 Amount of Insurance (the "Policy"). At the time the Policy was issued, the designated primary beneficiary was Victor J. Lewton, husband, 100% share. Travis J. Lewton, Ms. Lewton's son, was designated contingent beneficiary, with a 100% share. *See* the Policy, a redacted copy of which is attached hereto and incorporated herein as Exhibit 1.

8. On March 16, 2014, Victor J. Lewton died. *See* Victor J. Lewton's Certificate of Death, a redacted copy of which is attached hereto and incorporated herein as Exhibit 2.

9. On October 1, 2022, Nancy Lewton died. *See* Certificate of Death, a redacted copy of which is attached hereto and incorporated herein as Exhibit 3.

10. That same day, Travis was arrested and booked into Lucas County Corrections, charged with the premeditated aggravated murder of his mother, Nancy Lewton. *See* Criminal Complaint and Docket, copies of which are attached hereto and incorporated herein as Exhibits 4 and 5, respectively.

11. Arresting officer Jeff Quigley reported that Travis stated he had been thinking about killing his mother for about a week prior to her death, described attacking his mother by choking her, and reported that, when his mother stopped breathing, he took her body down into the ravine behind his house, stuffed her in a sewer pipe, and set her body on fire. *See* Exhibit 4.

12. Nancy Lewton's cause of death was listed as "pending" at the time her death certificate was completed. *See* Exhibit 3.

13. Nancy Lewton's manner of death was listed as "pending investigation" at the time her death certificate was completed. *See* Exhibit 3.

14. On October 5, 2022, the Estate of Nancy J. Lewton was opened in the Probate Court of Lucas County, Ohio, and designated Case No. 2022-EST-002255 (the "Estate"). Rigg was named as the Estate's Administrator. *See* Entry Appointing Fiduciary; Letters of Authority, a copy of which is attached hereto and incorporated herein as Exhibit 6.

15. The Estate refers to Lewton as "Nancy J. Lewton," although on Lewton's application for the Policy, she referred to herself as "Nancy M. Lewton." Ms. Lewton's death

certificate does not provide a middle name or initial. Upon information and belief, "Nancy J. Lewton" and "Nancy M. Lewton" are the same person.

16. On or about October 11, 2022, Genworth was informed that Travis was charged with killing Lewton and subsequently admitted to law enforcement that he had killed her.

17. On October 25, 2022, Travis entered a plea in the criminal case against him of Not Guilty by Reason of Insanity pursuant to Ohio Revised Code § 2943.03(E) and Criminal Rule 11(A). *See* Plea, a copy of which is attached hereto and incorporated herein as Exhibit 7.

18. The criminal case against Travis remains pending in Lucas County, Ohio.

19. At this time, no further suspects related to Lewton's homicide are known to Genworth.

20. On or about October 17, 2022, Rigg, on behalf of the Estate, submitted a Proof of Loss Claimant's Statement – Life Insurance to Genworth asserting a claim under the Policy. *See* the Estate's Claimant's Statement, a redacted copy of which is attached hereto and incorporated herein as Exhibit 8.

21. The Policy provides, in relevant part, as follows:

> OWNER AND BENEFICIARY. The designations of Owner and Beneficiary in the Schedule remain in effect until changed by the Owner.
> The Owner has all rights stated in this Policy. The Owner may amend this Policy during the Insured's lifetime with the Company's consent. The rights of the Owner are subject to the rights of an irrevocable beneficiary.
> The interest of a beneficiary terminates if that beneficiary dies before the Insured. If no beneficiary survives at the Insured's death, payment will be made to the Owner or the Owner's estate or successors.

Exhibit 1, p. 2.

22. Ohio law provides as follows:

> Except as provided in division (C) of this section, no person who is convicted of, pleads guilty to, or is found not guilty by reason of insanity of a violation of or complicity in the violation of section 2903.01, 2903.02, or 2903.03 of the Ohio Revised Code [aggravated murder, murder, or voluntary manslaughter] . . . shall in any way benefit by the death. All property of the decedent, and all money, insurance proceeds, or other property or benefits payable or distributable in respect of the decedent's death, shall pass or be paid or distributed as if the person who caused the death of the decedent had predeceased the decedent.

Ohio Rev. Code §2105.19(A).

23. Ohio Rev. Code §2105.19(C) further provides that a person prohibited from benefitting pursuant to Section 2105.19(A) because he was found not guilty by reason of insanity "may file a complaint to declare the person's right to benefit from the death in the probate court in which the decedent's estate is being administered or that released the estate from administration." Ohio Rev. Code §2105.19(C).

24. Given the pending aggravated murder charges against Travis, the potential exists that Ohio law could bar payment of the Policy's proceeds to Travis.

25. If Travis is convicted of Nancy Lewton's death, pleads guilty to Nancy Lewton's death, or is found not guilty by reason of insanity in Nancy Lewton's death, the Estate may have a claim to the Policy's proceeds.

26. The claims and potential claims of Travis and the Estate to the Policy's proceeds are adverse to and in conflict with each other.

27. By reason of these actual and potential adverse and conflicting claims, Genworth is unable to discharge its admitted liability under the Policy without exposing itself to multiple litigation, liability, or both.

28. Genworth is indifferent as to which of the Defendants is entitled to receive the Policy's proceeds but is only interested in paying and discharging its admitted liability under the Policy once; however, it has been unable to do so by reason of the adverse and conflicting claims of the Defendants and thus files this Complaint for Interpleader.

29. Contemporaneous with the filing of this Complaint for Interpleader, Genworth will bring a motion for leave to deposit with the Clerk of the Court its admitted liability under the Policy.

**WHEREFORE**, Genworth Life and Annuity Insurance Company prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting Genworth Life and Annuity Insurance Company leave to deposit the proceeds of Policy No. 2744123 with this Honorable Court, or with the Clerk of this Court, at the Court's direction, subject to further Order of this Court;

B. Enjoining Defendants Travis Lewton, Mark Rigg, as the Executor of the Estate of Nancy J. Lewton, and the Estate of Nancy J. Lewton during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against Genworth Life and Annuity Insurance Company and/or its agents in any state or federal court or other forum with respect to Policy No. 2744123, the proceeds of Policy No. 2744123, or on account of the death of Nancy Lewton, the insured, and that said injunction issue without bond or surety;

C. Granting judgment to Genworth Life and Annuity Insurance Company with the finding that it has no further liability to Defendants Travis Lewton, Mark Rigg, as

|   |   |
|---|---|
|   | the Executor of the Estate of Nancy J. Lewton, and the Estate of Nancy J. Lewton, or to any person or entity claiming through them, for Policy No. 2744123, the proceeds of Policy No. 2744123, or on account of the death of Nancy Lewton; |
| D. | Entering an Order finding that Genworth Life and Annuity Insurance Company has acted in good faith by interpleading the proceeds of Policy No. 2744123 and its admitted liability with the Clerk of the Court; |
| E. | Entering judgment in favor of Genworth Life and Annuity Insurance Company, and against Defendants Travis Lewton, Mark Rigg, as the Executor of the Estate of Nancy J. Lewton, and the Estate of Nancy J. Lewton, and any person or entity claiming through them, on its Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b); |
| F. | Excusing and dismissing Genworth Life and Annuity Insurance Company from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Defendants Travis Lewton, Mark Rigg, as the Executor of the Estate of Nancy J. Lewton, and the Estate of Nancy J. Lewton, to litigate their claims and contentions to Policy No. 2744123 and its proceeds without further involving Genworth Life and Annuity Insurance Company; |
| G. | Awarding Genworth Life and Annuity Insurance Company its actual court costs and attorneys' fees incurred in connection with prosecuting this Complaint for Interpleader, with such fees and costs to be deducted from the amount deposited with the Court or to its Clerk; and |

H.  Granting Genworth Life and Annuity Insurance Company such further and other relief as this Court deems just and appropriate.

Dated: December 5, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　GENWORTH LIFE AND ANNUITY
　　　　　　　　　　　　　　　　　　　　INSURANCE COMPANY


　　　　　　　　　　　　　　　　　　　　By:  s/ *Julie F. Wall*
　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Julie F. Wall
CHITTENDEN, MURDAY & NOVOTNY, LLC
303 W. Madison Street, Suite 2400
Chicago, IL 60606
T: 312-281-3600
F: 312-281-3678
jwall@cmn-law.com